911 F.2d 1525
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL ESTATE AT 136 PLANTATION DRIVE,
TAVERNIER, FL, together with all appurtenances
thereto and all improvements thereon, Defendant,
Charles McVadon, Claimant-Appellant.
 No. 89-5135.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 14, 1990.
 
 Hilliard Moldof, Whitelock & Moldof, Ft. Lauderdale, Fla., for claimant-appellant.
 Dexter W. Lehtinen, U.S. Atty., Jeanne M. Mullenhoff, Linda Collins Hertz, Dawn Bowen, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT, Chief Judge, ANDERSON, Circuit Judge, and ESCHBACH*, Senior Circuit Judge.
 ANDERSON, Circuit Judge:
 
 
 1
 In this 21 U.S.C. Sec. 881(a) forfeiture proceeding, claimant Charles McVadon appeals the judgment of the district court ordering forfeiture of the property at issue. For the reasons discussed below, we vacate and remand this case to the district court.
 
 
 2
 In the fall of 1987, McVadon was charged with conspiracy to import and distribute cocaine and marijuana and with the substantive crimes of importing and possessing with intent to distribute cocaine. In May 1988, McVadon pleaded guilty to one count of conspiracy to import cocaine.
 
 
 3
 Prior to McVadon's plea agreement with the government, the United States filed a complaint for civil forfeiture in rem against property owned by the claimant. The complaint was brought pursuant to 21 U.S.C. Sec. 881(a)(7), which provides:
 
 
 4
 The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 
 
 5
 (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment....
 
 
 6
 21 U.S.C. Sec. 881(a)(7) (1981 & Supp.1990). The complaint alleged that McVadon used the defendant property to store a kilogram of cocaine; the property was therefore used to commit and/or facilitate the commission of the crime of possession with intent to distribute cocaine.
 
 
 7
 In May 1988, McVadon pleaded guilty to the conspiracy charge. In the plea agreement McVadon promised, e.g., "to cooperate fully and truthfully with agents of the Drug Enforcement Administration" and other law enforcement agencies. He agreed to disclose voluntarily all knowledge and information he possessed regarding all matters that would be of interest to the United States. The plea agreement specifically noted that McVadon waived his Fifth Amendment privilege against self-incrimination for the purpose of the agreement. The agreement also contained two references to the government's promise not to use against McVadon any statements made by him during the course of his cooperation, or any evidence derived from such statements. Paragraph 2 of the plea agreement provided: "Any statements made during the course of cooperation will not be used against him [McVadon] nor will any evidence derived from his statements, either directly or indirectly...." Paragraph 8 of the agreement provided: "As discussed above, any statements made during his [McVadon's] cooperation will not be used directly or indirectly against him."
 
 
 8
 On June 22, 1988, McVadon testified as a government witness in a criminal trial styled United States v. Sikes, et al., 87-6197-CIV-RYSKAMP. He testified that he and his partner bought several properties with the proceeds of illegal drug transactions; included in these was McVadon's home, which is the subject of the forfeiture proceeding. Following the Sikes trial, McVadon was deposed by the United States as part of its discovery in the forfeiture case. During the deposition, McVadon again admitted that he had used proceeds from drug transactions for the purchase of the defendant property.
 
 
 9
 On the day following McVadon's deposition, the United States moved to amend its complaint in the forfeiture case to add that McVadon had purchased the defendant property largely with proceeds of drug transactions. The amendment was based on McVadon's testimony at the Sikes trial. The proposed amended complaint asserted that, under 21 U.S.C. Sec. 881(a)(6), such purchase was an additional ground for the forfeiture of the property. Section 881(a)(6) provides:The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 
 
 10
 (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....
 
 
 11
 21 U.S.C. Sec. 881(a)(6) (1981). The district court denied the government's motion to amend the complaint. However, the trial transcript shows that the court allowed the government to present to the jury both grounds for the forfeiture. The court did not allow the government to introduce into evidence McVadon's testimony at the Sikes trial or his statements made during debriefings prior to the Sikes trial, both revealing the fact that drug money provided a source of funds for the purchase of the defendant property. However, the court admitted McVadon's statements to the same effect made during the deposition taken in preparation for trial on the forfeiture case.
 
 
 12
 The jury returned a special verdict, finding that McVadon did not store cocaine on the defendant property but that he had purchased the property with money that had a substantial connection to illegal drug trafficking. The district court subsequently entered judgment in favor of the government.
 
 
 13
 On appeal, McVadon contends that the government should not have been allowed to use his deposition testimony, which was derived directly or indirectly from statements made by him during the Sikes trial, in order to support the forfeiture. He argues that such use was a violation of the government's promise of immunity; he contends that the use of his statements violated his right against self-incrimination in this "quasi-criminal" proceeding.
 
 
 14
 The government counters that the plea agreement unambiguously provided only that McVadon's statements would not be used against him in criminal prosecutions; the civil forfeiture case was therefore not included in the scope of the immunity. The government further contends that immunized testimony could properly be used against McVadon in this civil forfeiture case because a civil case does not involve a party's Fifth Amendment protection against self-incrimination.
 
 
 15
 We reject the government's argument that the plea agreement unambiguously provides only that McVadon's statements would not be used in any criminal prosecution of McVadon. Rather, we conclude that the plea agreement is ambiguous with respect to whether it means only that McVadon's statements would not be used in any criminal prosecution of McVadon, or whether it means that such statements would not be used either in any such criminal prosecution or in any forfeiture of McVadon's property. Because the district court made no findings with respect to the meaning of the plea agreement, and because we cannot discern from the record the basis upon which the district court admitted the testimony at issue, we conclude that a remand is necessary.
 
 
 16
 If on remand, the district court concludes that the plea agreement meant only that McVadon's statements would not be used in any criminal prosecution of McVadon, then the district court did not err in admitting the testimony. On the other hand, if the plea agreement has a broader meaning, then the district court may have to address other issues which are better addressed in the first instance by the district court. For example, it may be necessary for the district court to resolve the issue of whether the forfeiture proceeding is a "quasi-criminal" proceeding for purposes of application of the Fifth Amendment protection. If the penalty imposed by the forfeiture is "quasi-criminal" or "so far criminal in its nature" as to trigger the self-incrimination clause of the Fifth Amendment, United States v. Ward, 448 U.S. 242, 253-54, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980) (discussing Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886)), then the government's promise not to use McVadon's statements against him may indicate extension of the promised immunity to the forfeiture proceeding. See United States v. Harvey, 869 F.2d 1439, 1445-46 (11th Cir.1989) (in deciding the scope of a grant of immunity, courts refer to the scope of the Fifth Amendment privilege itself).
 
 
 17
 The judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.
 
 
 18
 VACATED and REMANDED.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation